# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| JERRY McCAULEY, Register No. 170121, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 05-4310-CV-C-SOW ) |
| DAVE DORMIRE, et al., | ) ) |
| Defendants. | ) |

## REPORT, RECOMMENDATION AND ORDER

Plaintiff, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

Plaintiff seeks monetary, injunctive and declaratory relief, pursuant to 42 U.S.C. § 1983. Named defendants are Dave Dormire, Arthur Wood, Mark Schreiber, Billy Galloway, Marian Ortbals, Henry Jackson, David Webster, Jim Crosby, Tami Surface, Lisa Jones and Brian Goeke.

Plaintiff alleges he was issued a false conduct violation for escape. Plaintiff alleges that proper procedures were not followed by Missouri Department of Corrections (MDOC) defendants in the issuance of the conduct violation, and that there was insufficient evidence to support the violation. Plaintiff alleges the MDOC escape rule violation is unduly vague and he was not on notice that a cell phone is considered an instrument of escape. Plaintiff further alleges that other inmates have not been cited with a CDV for escape when found to be in possession of a cell phone.

Plaintiff has requested leave to proceed without prepaying the filing fee and costs. 28 U.S.C. § 1915(a). Having reviewed plaintiff's inmate account information, the court will grant him provisional leave to proceed in forma pauperis. However, pursuant to the Prison Litigation Reform Act, the court is required to screen prisoner cases and must dismiss a

complaint, or any portion of the complaint, if satisfied that the action is frivolous, malicious, or fails to state a claim under which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2). Additionally, under section 1915(g), if a prisoner, while incarcerated, has had three cases dismissed on any of these grounds, the court must deny leave to proceed under section 1915(a). The only exception to the successive petition clause is when the prisoner faces "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Although plaintiff is granted provisional leave to proceed in forma pauperis based upon his indigence status, pursuant to the Prison Litigation Reform Act, plaintiff's claims should be dismissed for failure to state a claim on which relief may be granted.

Plaintiff's allegation challenging the issuance of the escape conduct violation against him fails to state a claim on which relief may be granted under 42 U.S.C. § 1983. To establish a due process violation, plaintiff must show a deprivation of a liberty interest protected by the Fourteenth Amendment. *Paul v. Davis*, 424 U.S. 693, 710-12 (1976). There is no liberty interest in the policies and use of certain procedures by the Missouri Department of Corrections in the issuance of conduct violations. *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003) (citing *Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996) ("Due Process Clause does not federalize state law procedural requirements.")). Moreover, the Due Process Clause does not protect prisoners from every adverse change in their confinement. *Sandin v. Connor*, 515 U.S. 472, ___, 115 S. Ct. 2293, 2297 (1995). If the conditions and degree of confinement are within the sentence imposed and do not otherwise violate the Constitution, prisoners have no claim under the Due Process Clause. *Montayne v. Haymes,* 427 U.S. 236, 242 (1976). *See also Hewitt v. Helms*, 459 U.S. 460, 468 (1983) (prisoners have no inherent right to remain in general population). Disciplinary action taken in response to a prisoner's misconduct "falls within the expected parameters of the sentence." *Sandin,* 115 S. Ct. at 2301.

To determine whether prisoners have a liberty interest under state law, the court looks at the nature of the deprivation. *Id.* at 2299-2300. Generally, state-created liberty interests are "limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 2300.

Segregated confinement does not normally "present a dramatic departure from the basic conditions" of prison life. *Id.* at 2301.

Plaintiff's claim that he was assigned to administrative segregation for a period of months in response to the issuance of the conduct violation against him does not allege that such assignment imposed atypical and significant hardship on him in relation to the ordinary incidents of prison life. Plaintiff's claim challenges the policies and procedures used in issuing him the escape violation and, therefore, does not implicate a liberty interest protected by due process.

Additionally, plaintiff does not have a Fourteenth Amendment due process claim with regard to his allegation that his conduct violation resulted in his denial of parole because Missouri's conditional release/parole statute, Mo. Rev. Stat. § 558.011, does not create a liberty interest." *Dace v. Mickelson*, 816 F.2d 1277, 1280-81 (8th Cir. 1987). *See also Johnson v. Missouri Bd. of Prob. & Parole*, 92 S.W.3d 107, 113-14 (Mo. App. 2002) (Missouri statute does not create liberty interest in conditional release).

Finally, plaintiff's claim that his conduct violation was in violation of equal protection also fails. To establish a claim under the Equal Protection Clause, a plaintiff must show he has been treated by a state actor differently than those similarly situated because he belongs to a particular class, *Inmates of the Nebraska Penal and Correctional Complex v. Greenholtz*, 567 F.2d 1368, 1374 (8th Cir. 1977), *cert. denied*, 439 U.S. 841 (1978), or because a fundamental right is involved, *Alcala v. Burns*, 545 F.2d 1101 (8th Cir. 1976), *cert. denied*, 431 U.S. 920 (1977). Plaintiff does not allege he was treated differently because he belongs to a particular class, or that there is some fundamental right involved. The court further notes that prison inmates do not constitute a suspect class. *More v. Farrier*, 984 F.2d 269, 271 (8th Cir. 1993) (wheelchair inmates are not a suspect class), *cert. denied*, 510 U.S. 819 (1993); *Fuller v. Lane*, 686 F. Supp. 686 (C.D. Ill. 1988).

Plaintiff's complaint should be dismissed because he has failed to state a claim, pursuant to 42 U.S.C. § 1983. Plaintiff is warned that if this case is dismissed as recommended, it will count against him for purposes of the three-dismissal rule set forth in 28 U.S.C. § 1915(g).

3

In light of this court's recommendation of dismissal, plaintiff's motions for preliminary injunctive relief regarding his claims should be denied. Additionally, plaintiff's motion for appointment of counsel will be denied, without prejudice.

IT IS, THEREFORE, ORDERED that plaintiff's motion for appointment of counsel is denied, without prejudice [8]. It is further

ORDERED that plaintiff is granted provisional leave to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915, on the basis of indigence. It is further

RECOMMENDED that plaintiff's claims be dismissed, pursuant to 28 U.S.C. § 1915A, for failure to state a claim for which relief can be granted. It is further

RECOMMENDED that plaintiff's motions for preliminary injunctive relief be denied [4, 5].

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. If additional time is needed, a motion for an extension of time must be filed within twenty days. The motion should state the reasons for the request. *See Nash v. Black*, 781 F.2d 665, 667 (8th Cir. 1986) (citing *Thomas v. Arn*, 474 U.S. 140 (1985)); *Messimer v. Lockhart*, 702 F.2d 729 (8th Cir. 1983). Failure to make specific written exceptions to this report and recommendation may result in a waiver of the right to appeal.

As previously stated, the court has granted plaintiff leave to proceed in forma pauperis on a provisional basis. By doing so, the court has foregone collection of the $250.00 filing fee established for civil cases. Plaintiff is now warned that the court will attempt collection of the entire $250.00 filing fee if plaintiff files another pleading of any type whatsoever in this case. *See* 28 U.S.C. § 1915(b)(2) (provisions for deducting money from prisoner's account). Under section 1915(b), installment payments are permitted after the assessment and payment of an initial partial filing fee.

Dated this 20th day of December, 2005, at Jefferson City, Missouri.

/s/
WILLIAM A. KNOX
United States Magistrate Judge