# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| JERRY McCAULEY, Register No. 170121, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 05-4310-CV-C-SOW |
| | ) |
| DAVE DORMIRE, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

On December 20, 2005, the United States Magistrate Judge recommended that plaintiff's motions for preliminary injunctive relief be denied and that plaintiff's claims be dismissed. The parties were advised they could file written exceptions to the recommendation, pursuant to 28 U.S.C. § 636(b)(1)(C).

The court has conducted a de novo review of the record, including the exceptions and amended complaint filed by plaintiff. The issues raised in plaintiff's exceptions and amended complaint were adequately addressed in the report and recommendation. The court is persuaded that the recommendation of the Magistrate Judge is correct and should be adopted. Plaintiff's allegations arising from defendants' issuance of a conduct violation against him for possession of a cell phone fail to state a claim on which relief may be granted under 42 U.S.C. § 1983.

To the extent plaintiff's exceptions and amended complaint attempt to allege that administrative segregation conditions presented a dramatic departure from the basic conditions of prison life, such allegations also fail to state a claim. Segregated confinement does not normally "present a dramatic departure from the basic conditions" of prison life. Sandin v. Conner, 515 U.S. 472, ___, 115 S. Ct. 2293, 2301 (1995). Moreover, plaintiff's allegations that he was denied the benefits and amenities granted to general population inmates while assigned to administrative segregation do not make a claim of atypical and significant hardship.

As to any allegation regarding access to courts plaintiff seeks to assert, such claim is dismissed for failure to state a claim. An allegation by plaintiff, who was formerly an inmate library law clerk prior to his receiving a conduct violation, that his strategy, research and presentation were interrupted in two of his pending cases as a result of his assignment to administrative segregation, does not state a claim of denial of access to courts. The fact that general population inmates may be granted more privileges for pursuing legal claims, e.g., physical access to the law library, does not mean plaintiff is being denied access to courts. Plaintiff's amended complaint concedes that administrative segregation prisoners receive biweekly delivery via assigned law clerks to receive materials copied from the needed books and assistance with the preparation and advice on research and preparation of pleadings. Furthermore, limitations on legal property within plaintiff's cell while in administrative segregation do not constitute denial of access to courts. Plaintiff does not allege that he did not have the opportunity, via standard prison policies and procedures, to exchange out his legal property as needed for prosecuting his pending legal claims.

Inmates who file an appeal with the United States Court of Appeals for the Eighth Circuit are required to pay the full $255.00 appellate filing fee, regardless of the outcome of the appeal. Henderson v. Norris, 129 F.3d 481, 484 (8th Cir. 1997). The filing of a notice of appeal is considered a consent by the inmate to allow prison officials to deduct an initial partial appellate filing fee and later installments from the prisoner's account.

IT IS, THEREFORE, ORDERED that plaintiff's motion to amend is granted [18]. It is further

ORDERED that the Magistrate Judge's December 20, 2006, Report and Recommendation is adopted [11]. It is further

ORDERED that plaintiff's motion for appointment of counsel is denied [14]. It is further

ORDERED that plaintiff's claims are dismissed, pursuant to the provisions of 28 U.S.C. § 1915A, for failure to state a claim on which relief may be granted. It is further

ORDERED that plaintiff's motions for preliminary injunctive relief are denied [4, 5, 19].

|                          | /s/Scott O. Wright                   |
|                          | SCOTT O. WRIGHT                      |
|                          | Senior United States District Judge  |

Dated: March 27, 2006